AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| In the Matter of the Search of )<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)* )<br>227 Red Mesa Heights Road, Grand Junction, CO, more )<br>fully described in Attachment A )<br>) | Case No.   20-sw-00237-GPG |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   State and   District of   Colorado
*(identify the person or describe the property to be searched and give its location)*:

See Attachment (A) attached hereto and hereby incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment (B) attached hereto and hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before   3/6/20   *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Gordon P. Gallagher   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   2/21/20 at 9 am

*Judge's signature*

City and state:   Grand Junction, CO           Gordon P. Gallagher, U.S. Magistrate Judge
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** ||||
|---|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: ||
| Inventory made in the presence of : ||||
| Inventory of the property taken and name of any person(s) seized: ||||

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. <br><br><br>Date: _____ <br><br> _____ <br> *Executing officer's signature* <br><br> _____ <br> *Printed name and title* |

ATTACHMENT A
DESCRIPTION OF PROPERTIES TO BE SEARCHED

TARGET LOCATION ONE:  227 Red Mesa Heights Road, Grand Junction, Mesa County, Colorado, is a single family one story home.   The residence has yellow siding with white trim. There is a small covered porch and the front door is white in color. The mail box is on the corner of the driveway and lists "227 Red Mesa Heights" in white lettering.



## ATTACHMENT B

### DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

Evidence, fruits, and/or instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) to include:

1. Controlled substances, including, marijuana.

2. Any vessels or other implements used in connection with the production, packaging, weighing, storage, transport, or distribution of such controlled substances.

3. Any substance used to mix into controlled substances in order to create a larger volume. Such substances are commonly referred to as "cut."

4. Items used for the cultivation and processing of marijuana, including marijuana seeds, scissors, drying racks, nutrient reservoirs, PVC/poly pipes, hand or backpack sprayers, watering devices, growing mediums, liquid and powder nutrients, fertilizers, potting soil, pots, fungicides, insecticides, herbicides, pruning shears, irrigation supplies (including tubing, connectors, emitters, etc.), shovels and/or other gardening tools, generators, pumps, and marijuana cultivation manuals.

5. Books, receipts, notes, invoices, charge card and/or credit card statements and summaries, bank statements, records, correspondence, controlled substance customer or supplier lists, growing schedules, logs, journals, contracts, shopping lists for food and supplies, letters, phone records, phone books, address books, notations and other papers, and any files or records relating to the cultivating, transporting, selling, storing, ordering, purchasing or distributing of controlled substances.

6. Indicia related to occupancy, residency or ownership of property, premises, or vehicles, including, purchase or lease agreements, titles, keys, and mail envelopes.

7. Weapons, firearms, and items used in conjunction with weapons or firearms, including magazines, ammunition and means of carrying or concealment and records or receipts pertaining to weapons, firearms and ammunition.

8. Financial records, including expenses incurred in obtaining the equipment and items necessary for the cultivation and/or distribution of controlled substances, income derived from the sales of controlled substances, pay-owe sheets, records of legitimate income (to serve as a baseline to discern excess or unexplained income consistent with proceeds derived from drug trafficking) and general living expenses.

9. United States currency, precious metals, jewelry and financial instruments, including mortgage notes, stocks, and/or bonds representing drug proceeds.

10. Books, records, invoices, receipts, records of real estate transactions, bank statements, and related records, certificates of deposits, passbooks, money drafts, letters of credit, money orders, bank drafts, cashier's checks, bank checks, correspondence, safe deposit keys, money wrappers, and other items evidencing the obtaining, secreting, transfer and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money.

11. Computers, cellular telephones, and/or portable telephones, pagers, and any stored electronic communications contained therein.

12. Devices used to communicate with other individuals involved in the manufacture and distribution of marijuana or any other controlled substance, including cellular telephones, radios, pagers, beepers and devices used to conduct counter surveillance against law enforcement, including scanners, surveillance cameras, night vision devices, FLIR devices, monitors, motion sensors and/or alarms, recording devices and/or receipts or literature describing the same.

13. Address and/or telephone books (written or typed by hand as opposed to printed commercially), indices and any papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers and/or telex numbers of co-conspirators, sources of supply, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists.

14. Photographs and digital images, including still photos, negatives, videotapes, films, undeveloped film and the contents therein, slides, in particular, photographs of co-conspirators, of assets and/or of controlled substances.

15. Assigned telephone number for any telephone, cell phones and pagers found in the area, along with telephone toll records, papers, notebooks and other items documenting the purchase, acquisition or distribution of marijuana or any other controlled substance, and communications among co-conspirators.

16. For the electronic devices (hereinafter COMPUTERS):

    a. evidence of who used, owned, or controlled the COMPUTERS such as logs, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, user profiles, e-mail, e-mail contacts, "chat" or instant messaging logs, photographs, and correspondence;

    b. evidence of software that may allow others to control the COMPUTERS, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d.  evidence of the attachment to the COMPUTERS of other storage devices or similar containers for electronic evidence;

    e.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTERS;

    f.  evidence of the times the COMPUTERS were used;

    g.  passwords, encryption keys, and other access devices that may be necessary to access the COMPUTERS;

    h.  evidence indicating how and when the COMPUTERS were accessed or used to determine the chronological context of computer access, use, and events relating to the crime under investigation and to the computer user;

    i.  contextual information necessary to understand the evidence described in this attachment;

    j.  volatile data necessary to preserve evidence prior to powering-off and unplugging a running computer.

    k.  records and information, including texts, emails, photographs, or videos of or about controlled substances or people possessing, obtaining, distributing, or using controlled substances or holding firearms;

    l.  records of or information about the COMPUTERS' Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    m.  information, notes, documents, records, or correspondence, in any format and medium, pertaining to violations of Title 21, United States Code, Sections 841(a)(1).

    n.  items otherwise described in this attachment but contained on an electronic device of any sort.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, DEA may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

DEFINITIONS:

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as film, prints, videos, or photocopies).

As used above, the terms "computers" or "digital storage media" are intended to include any physical object upon which computer data can be recorded as well as all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices capable of performing logical, arithmetic, or storage functions, including desktop and laptop computers, mobile phones, tablets, server computers, network hardware, hard disks, RAM, flash memory, and other electronic storage media.